# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4973 | **DATE** | 7/27/2004 |
| **CASE TITLE** | Don McCoy vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in attached memorandum opinion, the defendant's motion for summary judgment is granted in its entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | 2004 JUL 27 PM 3:15 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON MCCOY,

    Plaintiff,

v.      No. 02 C 4973

CITY OF CHICAGO.,

    Defendant.

DOCKETED
JUL 2 8 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment in its entirety.

## BACKGROUND

Plaintiff Don McCoy ("McCoy") began working for the City in the Department of Streets and Sanitation ("Department") in 1976. In 2001, McCoy worked as a garbage truck driver for the Department's 17th Ward. On January 18, 2001, McCoy drove a garbage truck with laborers Keith Moore ("Moore") and

1

Gregory Wilson ("Wilson"), who were assigned to work on the back of the truck. Along the pickup route, several fifty-five gallon drums filled with paint and thinner were loaded onto the truck, although McCoy denies loading them himself. According to McCoy, the truck's equipment jammed and when he exited the truck, he observed the drums. McCoy's supervisor Huber Newkirk ("Newkirk") then arrived at the scene. He smelled the paint and noticed some paint leaking, but did not investigate the contents of the truck further. Later, the drums carried by McCoy's truck were taken to a dump site.

Following the incident, discharge proceedings were brought against McCoy, Moore and Wilson by the Department. McCoy was charged with "causing and/or allowing containers of hazardous material to be placed onto the city vehicle he was operating and/or allowing or causing the hazardous material to be dumped into a disposal facility where such dumping was not authorized . . . in violation of various Personnel Rules." (SF 31). After submitting a response to the charges against him, McCoy was formally discharged. McCoy appealed to the Personnel Board of the City, and after a hearing in which McCoy was represented by counsel, the Personal Board upheld McCoy's discharge.

After his discharge, on October 15, 2001, McCoy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

2

McCoy alleged that he was discriminated against because of a disability and his age. At the time of his discharge, McCoy was forty-seven years old. In 2000, an allergist diagnosed McCoy with allergic rhinitis and chronic sinusitis and began treating him with immunotherapy and medication. By July 2000, the allergist determined that McCoy no longer exhibited allergic rhinitis and his sinus condition was improving with treatment.

On May 30, 2002, the EEOC issued a Notice of Right to Sue. McCoy then filed this two count lawsuit on July 15, 2002 claiming the City failed to provide reasonable accommodation and discharged him because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101*et seq.*, (Count I), and intentionally discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA), 29 U.S.C. § 621*et seq.*, (Count II).

## LEGAL STANDARDS

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must

identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co*, 212 F.3d 969, 972 (7th Cir. 2000).

4

# DISCUSSION

I. ADA Claim

The ADA prohibits employers from discriminating against an employee on the basis of a disability. 42 U.S.C. § 12112(a). In order to make out a *prima facie* case for ADA discrimination, the employee must first show that he has a disability within the meaning of the ADA. *Sinkler v. Midwest Prop. Mgmt. Ltd.*, 209 F.3d 678, 683 (7th Cir. 2000). Once the employee has demonstrated that he has a disability, the employee may proceed by providing direct or indirect evidence of either disparate treatment or failure to accommodate. *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001).

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The finding of a disability should be made on a case-by-case basis, irrespective of the name or diagnosis of the impairment. *See Homeyer v. Stanley Tulchin Assoc., Inc.*, 91 F.3d 959, 962 (7th Cir. 1996).

While McCoy asserts that together, his chronic sinusitis and allergic rhinitis

qualify as a disability under the ADA, the evidence fails to support that his condition substantially limits a major life activity. Based upon the evidence in this case, no reasonable trier of fact could conclude that McCoy suffered a disability under ADA. While McCoy does indicate that his condition affects his vision and breathing, he does not claim that it limited him in any substantial way. (R. S.F. 46). When his vision blurs because of a sinus flare up, he takes his mediation and "within eight to nine minutes his vision is clear." (S.F. 50). McCoy admits that he "never experienced any blurred vision while driving and his sinus problem does not affect his ability to drive." (S.F. 50). He admits that his sinus problem "does not affect any of his daily activities." (S.F. 49). He also admits that his condition does not "in any way limit his ability to perform all the essential functions of his job as a motor truck driver." (S.F. 46).

There is an absence of evidence to support McCoy's claim that his chronic sinusitis and allergic rhinitis were impairments that substantially limited any major life activity and would warrant him special protection under ADA. According to the evidence before the court, McCoy's condition was under control and did not substantially limit any activities, including driving, seeing, or breathing. Consequently, no reasonable trier of fact could conclude that McCoy's chronic sinusitis and allergic rhinitis not to be a disability within the meaning of the ADA.

6

Since McCoy must show he has a disability before he can prove the rest of his *prima facie* case, which he fails to do, he has failed to establish a violation of the ADA.

Also, even if McCoy could show that she was disabled under the ADA she could not establish the rest of her *prima facie* case. A plaintiff bringing an ADA claim may defeat a motion for summary judgment under the direct method of proof or the indirect method of proof. *Hoffman*, 256 F.3d at 573. In order to make out a *prima facie* case for an ADA claim a plaintiff must establish that: "(1) she is disabled within the meaning of the ADA; (2) she was meeting the legitimate employment expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." *Id.* at 574. If the plaintiff establishes a *prima facie* case the burden shifts to the defendant to provide a legitimate non-discriminatory reason for its actions and if the defendant provides such a reason the burden shifts back to the plaintiff to show that the given reason is a pretext for discrimination. *Id.* at 577.

McCoy does not have sufficient evidence to proceed under the direct method of proof and will need to proceed under the indirect method. McCoy fails to point to any similarly situated employees that were treated more favorably. In his answer to the instant motion McCoy fails to address the element at all, choosing to focus only on whether or not there was a pretext. In support of McCoy's assertion of a pretext

7

McCoy offers no analysis other than one conclusory sentence stating that "[t]he evidence demonstrates that the reason for Williams' discharge is a pretext for discrimination." (Ans. 6). Furthermore, McCoy fails to mention specifically what "evidence" he is referring to in his statement. The record is devoid of any evidence that would indicate that the City' given reason for McCoy's termination was a pretext. McCoy admits and does not dispute pursuant to Local Rule 56.1 that McCoy, Moore, and Wilson were the crew working on the truck and that drums of hazardous materials were loaded onto the truck in violation of City Personnel Rules and resulting in significant cleanup costs. ( R SF 20, 22). In addition, McCoy acknowledges that all three members of the truck crew were discharged because of the incident ( R SF 41). Thus, there is no indication that McCoy was singled out because of a disability. Therefore we grant the motion for summary judgment on the ADA claim.

## II. ADEA Claim

The City also seeks summary judgment on the ADEA claim. The ADEA prohibits employers from discrimination against employees because of their age. 29 U.S.C. § 623(a). For an employee to defeat a motion fro summary judgment on an ADEA claim, the employee may use the direct or indirect method of proof.

8

*Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Under the direct approach, the employee may present direct evidence of discriminatory intent. *Id.* Under the indirect method, the employee is required to establish that he: "(1) was over 40 years old; (2) was meeting [her employer's] legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than younger, similarly situated employees." *Griffin v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004). If the employee meets this burden, the burden of production then shifts to the employer, who must show a legitimate, nondiscriminatory reason for its actions. *Zaccagnini v. Chas. Levy Circulating Co*, 338 F.3d 672, 676 (7th Cir. 2003). If the reason provided by the employer appears legitimate, the burden returns to the employee to establish pretext by showing the employer was driven by a discriminatory reason or "the proffered reason is unworthy of credence."*Id.* The City admits that McCoy suffered an adverse employment action when he was discharged and that he was a member of a protective class, being forty-seven at that time. McCoy claims that he was only told to drive the truck and that he was not involved in the decision to load the hazardous materials and thus McCoy contests the issue of whether or not he was performing his job satisfactorily.

However, McCoy has utterly failed to point to similarly situated employees that were treated more favorably. McCoy, who was forty-seven at the time, admits

9

pursuant to Local Rule 56.1 that he was discharged along with Moore, who was approximately thirty-nine, and Wilson who was approximately forty-nine years old. (R SF 17). McCoy does not point to any evidence that indicates someone under forty filled his position after he was discharged. Again, as with the ADA claim, McCoy avoids the issue entirely and simply provides a conclusory statement arguing that the given reason is a pretext. However, as with the ADA claim, the similarly situated employee element of the *prima facie* case is not an optional one. Therefore, McCoy failed to point to sufficient evidence to make out a *prima facie* case. McCoy also failed to point to evidence to show that the City's given reason for discharging McCoy was a pretext. Therefore, we grant the motion for summary judgment on the ADEA claim.

## CONCLUSION

Based on the foregoing analysis, we grant the City's motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 27, 2004